No. 82-204

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

O. A. LIEN and BLUE OX
CORPORATION, a Corporation,

Plaintiffs and Appellants,

vs.

MURPHY CORPORATION, a
Corporation,

Defendant and Respondent.

Appeal from: District Court of the Fifteenth Judicial District,
In and for the County of Roosevelt
Honorable M. James Sorte, Judge presiding.

Counsel of Record:

For Appellants:

Goetz, Madden & Dunn, Bozeman, Montana
James Goetz argued, Bozeman, Montana

For Respondent:

Robert J. Emmons argued, Great Falls, Montana

Submitted: November 16, 1982

Decided: December 16, 1982

Filed: DEC 16 1982

Thomas J. Kearney
Clerk

Mr. Justice Frank B. Morrison, Jr., delivered the Opinion of the Court.

Defendant, Murphy Corporation (Murphy) filed a Rule 41(b), M.R.Civ.P., motion for summary judgment January 11, 1982, in the Fifteenth Judicial District Court. The court granted defendant's motion April 27, 1982. Plaintiffs (Blue Ox) now appeal the summary judgment.

In August 1952, Murphy began hydrocarbon exploration and production activities on land, a portion of which was later purchased by Blue Ox for farming purposes. Pipes used in Murphy's operations began leaking oil and other products, thus increasing the salinity level of the ground water and damaging Blue Ox's property. Settlements for the damage were made in 1961 and 1963; however, the damage is alleged to have continued.

On October 25, 1971, Blue Ox filed a complaint alleging negligence and lease violations by Murphy, resulting in damage to Blue Ox's land. Murphy submitted interrogatories on January 3, 1972, which Blue Ox answered May 9, 1972. Supplementary interrogatories of February 1, 1972, have never been answered by Blue Ox. Interrogatories were submitted to Murphy in April of 1973. Pursuant to an agreement between counsel and the District Court of the Fifteenth Judicial District, those interrogatories were not answered until July 27, 1978.

On January 20, 1978, the District Court filed an order to show cause why the case should not be dismissed for failure to prosecute. That order was vacated by agreement of the parties. Then Murphy moved on December 24, 1979, to have the cause dismissed for the same reason.

Blue Ox's original attorney and attorney of record was Mr. Gorham Swanberg. Due to Swanberg's dissatisfaction with his role, attempts were made to hire another attorney. Mr. Peter Maltese retained the file from spring 1977 until August 1978, when he declined to represent Blue Ox. Mr. James Lucas took from August 1978 until January 1980 to reach the same conclusion. Mr. Raymond Peete successfully defended Blue Ox against Murphy's motion to dismiss for failure to prosecute, but refused to further act as Blue Ox's attorney.

On May 30, 1980, Blue Ox's new attorney and present counsel, Mr. James Goetz, moved the court for permission to amend the 1971 complaint to include further damage which had occurred to the land. The motion was denied August 20, 1980, for the following reasons:

1. The new motion changed the theory of the case from negligence and breach of lease to seven different theories of liability: (a) breach of contract; (b) negligence; (c) negligence alleging res ipsa loquitor; (d) nuisance; (e) trespass; (f) strict liability; and (g) breach of lease.

2. The new motion asked for punitive damages in the amount of $100,000 and total damages of $650,000. The original complaint asked for damages of $15,000.

3. The changes in the theories, the additional damages prayed for and the lapse of nine years between the original and the amended complaint were grossly inequitable to Murphy.

Blue Ox then, on September 30, 1980, filed for a writ of supervisory control to review those orders. This Court denied the writ November 20, 1980, stating:

> "The application for supervisory control
> or other appropriate writ is denied
> on the grounds that there is an adequate

> remedy by appeal, that no emergency situ-
> ation is shown, and that petitioners
> themselves have been guilty of laches, a
> delay, and have failed to prosecute their
> action diligently."

On December 14, 1980, Blue Ox filed a separate action based upon the denied amended complaint. Murphy attempted to move that action to Federal District Court on March 18, 1980, but that court remanded the cause to the Montana District Court October 2, 1981, with a recommendation for consolidation of the 1971 and the 1980 causes. Blue Ox subsequently moved for such a consolidation. It was denied January 26, 1982.

On February 24, 1982, Blue Ox filed a motion for reconsideration of the motion to amend the original complaint. That motion cited Blasdel v. Montana Power Co. (1982), ____ Mont. ____, 640 P.2d 889, 39 St.Rep. 219, as authority for granting the motion to amend. The motion was again denied and Blue Ox fined $100.

Meanwhile, Murphy filed a motion January 11, 1982, for summary judgment based on Rule 41(b), M.R.Civ.P., failure to prosecute. That motion was granted April 27, 1982, with the District Court stating:

> "The reasons the Court has for granting
> Summary Judgment are set forth in detail in
> Document Number 66, the Brief of the Defendant
> Murphy Corporation, and the Court will not
> prepare a separate opinion."

Document 66 sets forth at least five reasons why summary judgment should be granted:

1. For a period of eleven months, from November 20, 1980, to October 27, 1981, Blue Ox did absolutely nothing to advance the progress of the original cause.

2. From April 2, 1980, until the present time, Blue Ox has taken no actions which would result in the trial of the original cause. Rather, all actions have been of a "lateral" nature.

3. Blue Ox last conducted discovery in this cause July 27, 1978.

4. Blue Ox's activities have been with respect to the 1980 cause rather than the 1971 cause.

5. The issue of "failure to prosecute" is res judicata. One reason stated by the Supreme Court for its denial of Blue Ox's request for the writ of supervisory control over the motion to amend was that plaintiffs (Blue Ox) ". . . have failed to prosecute their action diligently."

In this appeal of the order granting Murphy summary judgment, the following issues are raised by Blue Ox:

1. Whether, on the facts of this case, the District Court properly granted Murphy's motion for summary judgment for Blue Ox's failure to prosecute, pursuant to Rule 41(b), M.R.Civ.P?

2. Whether the District Court properly refused to allow Blue Ox to amend the original complaint?

3. Whether, after denying leave to amend the complaint, the District Court properly denied Blue Ox's motion to consolidate this cause with cause no. 9317, the 1980 action against Murphy which addresses the continuing damage by Murphy to Blue Ox's property?

We find issue number two to be dispositive.

Rule 15(a), M.R.Civ.P., provides that even after a responsive pleading has been served, the trial court shall freely grant plaintiff leave to amend the original complaint "when justice so requires." This rule has been construed broadly. In Union Interchange, Inc. v. Parker (1960), 138 Mont. 348, 354, 357 P.2d 339, 342, we stated, ". . . it is the rule to allow amendments and the exception to deny them."

The Supreme Court of the United States has held that the policy in favor of allowing amended complaints is offset by such things as "undue delay, bad faith or dilatory motive on the part of the movant. . ." Foman v. Davis (1962), 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222, 226. Murphy contends undue delay exists here. Further, Murphy contends that because of our November 20, 1980, order denying Blue Ox's request for a writ of supervisory control, the issue of "undue delay" is res judicata. We do not agree.

We gave as one reason for our denial of the writ, the fact that Blue Ox had been guilty of laches and had failed to prosecute their action diligently. Another reason was the fact that Blue Ox had a right to appeal the District Court's denial of their motion to amend. To hold the "laches" finding res judicata with respect to whether Blue Ox unduly delayed prosecution of the cause would effectively deny their right to appeal.

Furthermore, the order denying the writ of supervisory control was interlocutory in nature and therefore not res judicata. State ex rel. Davis v. District Court (1977), 172 Mont. 139, 561 P.2d 912. Only final judgments and orders intended to be final in nature are res judicata. 1B Moore's Federal Practice §0.409[1], at 1002 (1980).

Prosecution of this case has been delayed. However, we do not find unreasonable delay warranting denial of Blue Ox's right to a trial upon the merits. There has been no bad faith or dilatory motive on the part of Blue Ox. Murphy has continuously been kept informed of the new and recurring damages to Blue Ox's land caused by Murphy's operations. Prejudice to defendant has been minimal due to those updates.

The new damages and theories of liability set forth in Blue Ox's amended complaint stem from the same occurrence as

the first complaint. Though the evidence shows additional leaks since the first filing, the occurrence is oil pollution of the underground water supply. New causes of action arising out of the same transaction, occurrence or event may be set forth in an amended pleading. 3 Moore's Federal Practice, §15.08[2], at 15-70. (1978).

For these reasons, justice requires Blue Ox be allowed to amend their original complaint to reflect the new and recurring damages to the land, as well as the additional theories of liability.

Our decision to allow Blue Ox to amend the original complaint renders issue three re consolidation moot. It also eliminates any reason for dismissing this action for failure to prosecute.

In Brymerski v. City of Great Falls (1981), ____ Mont. ____, 636 P.2d 846, 38 St.Rep. 2001, we stated:

> "We adopt the rule that a motion to dismiss for failure to prosecute will not be granted if the plaintiff is diligently prosecuting his claim at the time the motion is filed, even if at some earlier time the plaintiff may have failed to act with due diligence." Brymerski v. City of Great Falls, ____ Mont. at ____, 636 P.2d at 848-849, 38 St.Rep. at 2004.

Discovery was conducted by Blue Ox in the spring and summer of 1982. Pleadings were made in an effort to place the action in the most procedurally proper position. Appellants were diligently prosecuting the amended complaint at the time Murphy filed the Rule 41(b), M.R.Civ.P., motion.

The District Court's orders denying Blue Ox's leave to amend their complaint and dismissing Blue Ox's action for failure to prosecute are both reversed. This action is remanded to the Fifteenth Judicial District Court for trial on the merits of Blue Ox's amended complaint.

_____
Justice

-7-

We Concur:

_____
Chief Justice

_____

_____

_____
Justices