767 P.2d 1181

**In the Matter of the ESTATE OF Lillian J. KOPELY, Deceased.**

**Mazen FAHOUM, Appellant,**

v.

**Paula WINTERS, as Personal Representative of the Estate of Lillian J. Kopely, deceased, Appellee.**

**No. 2 CA–CV 88–0141.**

Court of Appeals of Arizona, Division 2, Department B.

Nov. 10, 1988.

Review Denied Feb. 22, 1989.

Motion to Set Aside Dismissal Denied Feb. 22, 1989.

Stompoly & Stroud, P.C. by Susan Ferrell and James L. Stroud, Tucson, for appellant.

Curtis & Cunningham by Marjorie Fisher Cunningham, Tucson, for appellee.

## OPINION

LACAGNINA, Chief Judge.

Mazen Fahoum appeals the probate court's order finding that his claim for personal injuries made against the estate of Lillian J. Kopely was not timely filed and is forever barred. He argues that the issue of timeliness was previously resolved in the underlying tort case and that A.R.S. §§ 14-3801 and 3803 are unconstitutional. Because we agree that the provisions are unconstitutional, we vacate the order and remand with directions.

## FACTS AND PROCEDURAL HISTORY

On January 1, 1986, Lillian J. Kopely was driving her vehicle and turned left in front of Fahoum's vehicle. Fahoum struck Kopely's vehicle broadside at a speed estimated between 40 and 50 miles per hour. Kopely and two passengers in her vehicle died as a result of the collision. A third passenger in Kopely's vehicle also sustained injuries. Fahoum suffered serious injuries to his face and jaw. In February 1986, the representatives of Kopely's passengers filed actions against the estate. On June 4, 1986, Fahoum filed his lawsuit against the estate, and all of the plaintiffs' cases were consolidated for trial. The other plaintiffs settled their claims on the eve of trial, exhausting Kopely's liability insurance coverage. The jury found that Fahoum had sustained total damages of $77,-335 reduced by its determination that Fahoum was 10% responsible for the accident. Judgment was entered against the estate in the amount of $69,601.50.

In the underlying tort action, Winters' answer to Fahoum's complaint raised the defense that Fahoum had not filed a timely notice of claim as required by A.R.S. § 14-3803. Winters made and renewed motions to dismiss, objected to the form of judgment, and filed a motion for new trial, each time arguing that Fahoum's claim was untimely and therefore invalid. All of Winters' motions were denied. In its minute entry overruling Winters' objections to the form of judgment on grounds of timeliness, the trial court stated: "The court believes that those matters set forth in the objection to form of judgment are more appropriately presented to the Probate Court for resolution, if and when Mr. Fahoum attempts collection on the judgment." In denying a motion to dismiss, the court said: "I'll deny the motion to dismiss because I think it goes to collection almost rather than the remedy. I think he's entitled to his lawsuit."

Kopely's personal representative, Paula Winters, appealed the judgment. We affirmed it by memorandum decision in *Fahoum v. Winters*, 2 CA-CV 87-0185 (filed December 31, 1987). In that appeal, Winters' counsel had requested an extension of the briefing schedule, stating that "the appeal hinges upon a determination of whether [Fahoum] had a valid claim against the decedent's estate." Although Winters stated in her motion that the probate division was in the process of reviewing the court file to determine whether a hearing on the validity of Fahoum's claim should be held, no further information was provided to this court and, eventually, the parties filed briefs, and this court's opinion was filed. The timeliness of Fahoum's claim was not raised or argued in the briefs.

## PRESENTATION OF TIMELINESS ISSUE IN TORT CASE

Fahoum argues that because Winters unsuccessfully questioned the timeliness of Fahoum's claim in the underlying tort case,

the doctrine of *res judicata* precluded Winters from raising that issue in the probate court. The *res judicata* doctrine binds the same parties standing in the same capacity in subsequent litigation as to every issue decided and as to every issue raised by the record which could have been decided in the prior action. *Di Orio v. City of Scottsdale*, 2 Ariz.App. 329, 408 P.2d 849 (1965). Therefore, a judgment in favor of a plaintiff is *res judicata* as against the defendant on every defense raised or which he could have raised as a defense against the complaint. *Pacific Greyhound Lines v. Brooks*, 70 Ariz. 339, 342, 220 P.2d 477 (1950). The doctrine is based on the presumption that all such issues and defense have been decided in support of the judgment rendered in the first action. *Taylor v. Betts*, 59 Ariz. 172, 177, 124 P.2d 764, 766 (1942).

Applying the general rule to this case would require us to preclude Winters from raising an issue which the trial court in the tort case specifically refused to decide. To avoid this result, the courts have carved out an exception to the strict doctrine of *res judicata*. If a trial court or an appellate court expressly states that it is not deciding an issue which was raised and could have been decided, the presumption cannot prevail, and the judgment is not *res judicata* as to the undecided issue. *See Taylor v. Betts*, 59 Ariz. at 177–178, 124 P.2d at 766, and cases cited therein. *See also Miles v. Teague*, 251 Ark. 1059, 476 S.W.2d 245, 247 (1972). The Restatement (Second) of Judgments § 26 also provides for exceptions to the general rule prohibiting a litigant from splitting his claim. The Restatement (Second) of Judgments § 26, comments b and d, specifically refer to situations where the court has either expressly reserved the opportunity to litigate in a second action or has erroneously determined that a plaintiff must bring a part of the claim in another action. Although Winters vigorously contended in the tort action

that the case should be dismissed due to Fahoum's failure to comply with the probate code claim requirements, there is nothing to suggest that the court's denial of Winters' motions and objections amounted to a ruling on the merits of the timeliness of Fahoum's claim. In fact, the statements by the court clearly showed its intention not to rule on the issue of timeliness but to reserve that determination to the probate division of the superior court.[1] Therefore, we will not apply the doctrine of *res judicata* here.

Fahoum also contends that by appealing the tort judgment to this court, the timeliness issue was before this court because "all matters connected with a case are removed from the jurisdiction of the lower court once an appeal has been perfected." Again, we disagree with Fahoum's characterization of the case. Although Winters did request an extension of time for filing her brief on appeal from the tort judgment, she did not present the timeliness issue, that question was not before us, and we did not decide that issue on appeal as it was pending in the probate division. *See Taylor v. Betts, supra.*

## PUBLICATION OF NOTICE TO CREDITORS/DUE PROCESS

Kopely's will was admitted to probate on January 20, 1986. An affidavit filed in the probate division of superior court on February 12, 1986, established that the notice to creditors was published in compliance with A.R.S. § 14–3801. Fahoum filed his lawsuit on June 4, 1986. A.R.S. § 14–3801 requires a personal representative to publish notice informing creditors of an estate to present their claims within four months after the date of the first publication or be forever barred. The date of first publication of the notice to creditors of Kopely's estate occurred on January 23, 1986. Fahoum's lawsuit was filed more than four months after that

1. The trial court in the tort case could have and should have decided Winters' timeliness defense, but we will not penalize Winters for the

**394**

date.[2] A.R.S. § 14–3804 allows a creditor to present a claim against the decedent's estate by commencing an action against the personal representative in any court where the personal representative may be subjected to jurisdiction, so long as the proceeding is commenced within the time allowed for presenting the claim as prescribed in A.R.S. §§ 14–3801 and 3803. Fahoum's lawsuit was not filed within that four-month period.

Although we disagree with Fahoum's contentions regarding the presentation of the timeliness issue in the underlying tort case and that appeal, we find merit in his argument that A.R.S. §§ 14–3801 and 3803 are unconstitutional. Fahoum contends that the barring of claims without actual notice to known creditors is a denial of due process, citing *Tulsa Professional Collection Services, Inc. v. Pope,* 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988). In that opinion the United States Supreme Court determined that Oklahoma's probate claim statutes violate due process because they permit claims of readily ascertainable creditors to be barred after giving notice only by publication. The Court held that if the claimant's identity as a creditor is known or reasonably ascertainable, then the due process clause requires that the claimant be given "[n]otice by mail or other means as certain to ensure actual notice." 108 S.Ct. at 1348, *quoting, Mennonite Board of Missions v. Adams,* 462 U.S. 791, 800, 103 S.Ct. 2706, 2712, 77 L.Ed.2d 180, 188 (1983).

Under Oklahoma law, the published notice is required to advise creditors that they must present their claims within two months of the date of first publication, and such notice must be published for two consecutive weeks. Okla.Stat. tit. 58, §§ 331 and 333 (1981). The Arizona statutes require publication for three consecutive weeks and bar claims not presented within four months of the first date of publication. There are no significant variations between the Arizona and the Oklahoma claim statutes. This case is not distinguishable from *Pope.*

Fahoum argues that his identity and address were known or reasonably ascertainable to Winters. In support of his argument, he points out the police report which was prepared after the collision. The issue of whether his identity was known or ascertainable is a question for the probate court to determine. The police report mentioned by Fahoum is not contained in our record, and there may be other facts for consideration, such as the notice arising from the collision itself. We remand the case for an evidentiary hearing to determine whether reasonably diligent efforts would have identified Fahoum and uncovered his claim.[3] If Fahoum's identity was known or reasonably ascertainable, the barring of his claim without actual notice violates due process. Accordingly, the probate court's order is vacated and the case is remanded for further proceedings consistent with this opinion and the Supreme Court's decision in *Tulsa Professional Collection Services, Inc. v. Pope.*

ROLL, P.J., and FERNANDEZ, J., concur.

court's reservation of the issue. *See* A.R.S. §§ 14–3804(2) and 14–3806(D).

**2.** The other plaintiffs filed their actions in February 1986, well within the four-month limitation period.

**3.** The Court in *Pope* did not address the question of prospective application; thus, we believe the case applies to matters pending when it was decided. The Florida Court of Appeals has applied *Pope* in similar situations. *See Public Health Trust of Dade County v. Estate of Jara,* 526 So.2d 745 (Fla.App.1988), and *North Shore Medical Center, Inc. v. Estate of Szilvassy,* 526 So.2d 744 (Fla.App.1988).