No. 89-356

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

---

IN RE THE MARRIAGE OF
SHEILA G. LYMAN,

        Petitioner and Respondent,

   and

CHARLES E. LYMAN,

        Respondent and Appellant.

---

APPEAL FROM: District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Michael Keedy, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        M. Dean Jellison, Kalispell, Montana

    For Respondent:

        Gary R. Christiansen; Warden, Christiansen, Johnson &
Berg, Kalispell, Montana

---

Submitted on Briefs: Oct. 25, 1989

Decided: December 20, 1989

Filed:

Clerk

Justice Diane G. Barz delivered the Opinion of the Court.

Charles Lyman appeals from a judgment by the District Court of the Eleventh Judicial District, Flathead County, awarding Sheila Lyman attorney's fees and costs. We reverse.

Sheila filed for dissolution on August 10, 1983, in Cause No. DR-83-346. After a non-jury trial on December 18, 1984, the District Court entered a decree of dissolution on January 3, 1985. The terms of the parties' separation and property settlement agreement, incorporated into the decree by reference, required Charles to make certain monthly and periodic payments to Sheila. In its July 23, 1985 order finding Charles in contempt for his failure to make these mandatory payments, the District Court ruled that Sheila was "entitled to recover her reasonable attorney's fees and costs, to be determined at a subsequent hearing for that purpose."

One of the marital assets was the Bushwacker Restaurant in Port Angeles, Washington. The parties owned a one hundred percent interest in the restaurant business and a seventy percent interest in the real estate on which the restaurant is located. Marian Burke, Charles' mother, owned the remaining thirty percent interest in the real estate. This asset became part of Mrs. Burke's estate upon her death. Charles was co-executor of his mother's estate along with his brother.

Sheila received the parties' interest in the Bushwacker Restaurant and the underlying real estate pursuant to the separation and property settlement agreement. During the process of negotiating her purchase of Mrs. Burke's thirty percent interest in the real estate, Sheila executed the following handwritten release of any claim for attorney's

2

fees from Charles resulting from the District Court's order of July 23, 1985:

> August 13, 1986
>
> To Whom it may concern,
>
> I, Sheila Lyman, release Charles Lyman from all obligations to pay any outstanding attorney's fees that I have with Don LaBar or his firm for representation of me in the Lyman dissolution of marriage.
>
> /s/ Sheila Lyman

In a separate action, Cause No. DR-87-189(B), Sheila petitioned for modification of the decree of dissolution based both on a change in circumstances and Charles' failure to fully disclose the assets of the marital estate. Sheila sought recovery of attorney's fees incurred in pursuing the modification and those awarded to her in Cause No. DR-83-346, the prior and separate contempt action. The District Court heard testimony and argument regarding the propriety of entering a judgment for attorney's fees awarded in the contempt action. However, its findings of fact and conclusions of law contained no ruling on that issue.

Sheila then moved the District Court for an order in Cause No. DR-83-346,

> determining the attorney's fees and costs contemplated and Ordered by the Court to be paid as part of the Findings of Fact, Conclusions of Law and Order issued by the Court on July 23, 1985, . . . [and] [f]or interest on said sums at the rate of 10% per annum from and after July 23, 1985.

The court found Sheila's claim was not barred by res judicata and that "[t]here being no consideration the purported 'release' is not enforceable." Charles appeals from the judgment of the District Court.

3

## RES JUDICATA

Charles argues that the District Court, by not ruling on an issue before it, implicitly denied recovery to the moving party on that basis. Thus, Sheila's claim was barred by res judicata. Sheila, on the other hand, contends that the District Court refused to rule on this issue. While the record does not clearly reflect the District Court's rationale, it is clear that the District Court did not enter a judgment regarding the prior awarded attorney's fees in Cause No. DR-87-189(B).

"Only final judgments and orders intended to be final in nature are res judicata." Lien v. Murphy Corp. (1982), 201 Mont. 488, 493, 656 P.2d 804, 806; Peterson v. Montana Bank of Bozeman, N.A. (1984), 212 Mont. 37, 45, 687 P.2d 673, 677. Furthermore, when the District Court in the modification proceeding did not enter a judgment regarding the attorney's fees awarded in Cause No. DR-83-346, such judgment did not render the issue res judicata. Washington Pub. Power Supply Sys. v. Pittsburgh-Des Moines Corp. (9th Cir. 1989), 876 F.2d 690, 699; Matter of Estate of Kopely (Ariz. 1988), 767 P.2d 1181, 1183; Vertecs Corp. v. Reichhold Chems., Inc. (Alaska 1983), 671 P.2d 1273, 1276. The District Court properly ruled that res judicata did not bar Sheila's claim.

## CONSIDERATION

Sheila argues that "Wife and the Estate had reached agreement on [Wife's] . . . purchase of the Estate's interest [in the real estate] well over a year before the closing of the transaction . . . [and that] [t]here were no qualifications." Sheila contends she offered the estate $40,000 cash or $50,000 terms for its thirty percent interest in the real property. Acceptance of her offer, Sheila asserts, is contained within the following portion of a letter from the co-executors' attorneys dated April 25, 1985:

4

> Please be advised that the executors will
> accept the sum of $40,000 in cash for the
> 30% interest of Marian OS Burke in this
> real estate provided that the purchaser
> causes Mrs. Burke's estate to be released
> from any liability under the aforesaid
> mortgage and further provided that the
> purchaser take subject to the lease of
> the Bushwacker Restaurant.

This letter clearly contains additional terms in the requirement that the purchaser release the estate from any liability pursuant to the underlying mortgage. There is no indication that Sheila accepted these additional terms or that the parties entered into a written contract at this time. For that reason, the letter cannot be considered an acceptance but must be construed as a rejection of Sheila's offer and a counter offer. Carriger v. Ballenger (Mont. 1981), 628 P.2d 1106, 1109, 38 St.Rep. 864, 867.

Thus, the following letter of June 17, 1986, from Charles' attorney to Sheila was a new offer:

> [Charles] has informed me that once he
> has received confirmation from Ann
> Blickensderfer that she has received a
> cashier's check in the amount of $40,000,
> plus a cashier's check in the amount of
> $4,400.00 representing 11% interest to
> June 1, 1986, plus a per diem of $12.06
> from June 1, 1986 plus your share of the
> closing costs which is in the amount of
> $13.00. You will also be responsible for
> the second half property taxes in the sum
> of $2,040.50 which amount will not have
> to be paid at closing. [Charles] will
> also require a written statement by you
> that you will release him from all
> obligation to pay any outstanding
> attorney's fees you have with Don LaBar
> or his firm for representation of you in
> the Lyman dissolution and any of its
> aftermath.

Sheila testified that she believed the sale of the estate's interest in the real property would not have gone

through had she not executed the release. Sheila appears to have fulfilled the other requirements set forth in the June 17 letter. These terms were not mentioned in the April 25, 1985, letter. If, as Sheila contends, a contract was formed on April 25, the terms contained in the June 17 letter would be modifications of the original contract and would also require additional consideration. Naylor v. Hall (1982), 201 Mont. 59, 66, 651 P.2d 1010, 1014; § 28-2-504, MCA. However, no contract was formed on April 25, therefore the June 17 letter constituted a separate offer for which there was adequate consideration. We therefore conclude Sheila released Charles from his obligation to pay her attorney's fees. The District Court erred in ruling otherwise.

We reverse.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices