CHIEF JUSTICE TURNAGE
delivered the Opinion of the Court.
Jerry Martin and Associates, Inc., appeals from a decision of the Fifteenth Judicial District Court, Daniels County, denying its motion for an order that it be allowed to levy and execute judgment against Donald Becker’s personal assets. We affirm.
As reframed by this Court, the dispositive issue is whether the District Court erred by denying Martin’s motion for an order which would allow it to levy and execute against Donald Becker’s personal assets to collect on a default judgment entered against Don’s West-land Bulk.
On February 8,1985, the United States Bankruptcy Court for the Southern District of California rendered a default judgment in favor of Nucorp Liquidated Trust against Don’s Westland Bulk. There is no evidence in the District Court record that Becker was ever served or was a party to these proceedings. The default judgment was subsequently assigned to Jerry Martin and Associates, Inc. (Martin). The judgment was duly entered in the United States District Court in Great Falls, Montana, and in the District Court of the Fifteenth Judicial District, Daniels County, Montana. Eight years after the entry of the default judgment, Martin attempted to collect the judgment by sending a Writ of Execution to the Daniels County Sheriff. The Sheriff returned the writ unsatisfied, informing Martin that there were no assets or bank accounts located in Daniels County belonging to Don’s Westland Bulk.
Martin then sent Becker a series of interrogatories in aid of execution of judgment. Becker admitted owning Don’s Westland Bulk. Becker stated that Don’s Westland Bulk was a sole proprietor *467 ship. Don’s Westland Bulk is not a registered business name in Montana nor does it maintain bank accounts or own assets.
Martin moved the District Court to order that the judgment against Don’s Westland Bulk be satisfied by allowing it to levy and execute against Becker’s personal assets. The motion was accompanied by a memorandum which in essence argued that Don’s Westland Bulk and Donald Becker are the same entity, and thus the default judgment should be satisfied from Becker’s personal assets. Martin cited no legal authority for this proposition. The court denied Martin’s motion. Martin’s motion for reconsideration was likewise denied. Martin appeals.
Did the District Court err by denying Martin’s motion for an order which would allow it to levy and execute against Becker’s personal assets to satisfy a default judgment entered against Don’s Westland Bulk?
Martin presents several different arguments which it claims entitles it to levy and execute against Becker personally. First, Martin claims that § 25-5-104, MCA, supports its right to levy against Becker’s assets. Section 25-5-104, MCA, states:
Action against a business association. When two or more persons associated in any business transact such business under a common name, whether it comprises the names of such persons or not, the associates may be sued by such common name, the summons in such cases being served on one or more of the associates; and the judgment in the action shall bind the joint property of all the associates in the same manner as if all had been named defendants and had been sued upon their joint liability. [Emphasis added.]
The statute by its terms is clearly inapplicable. Martin provides no case law or authority for its contention that this statute should be applied to sole proprietors. We conclude that § 25-5-104, MCA, does not entitle Martin to levy and execute against Becker’s personal assets to recover on a default judgment against Don’s Westland Bulk.
Martin also argues that §§ 30-13-201(1), 201(2), and 215, MCA, prevent Becker from avoiding levy and execution on his personal assets. Section 30-13-201, MCA, includes the following definitions:
(1) “Assumed business name” means any business name other than the full, true, and correct name of a person.
(2) “Person” means any individual, partnership, corporation, or other association.
Section 30-13-215, MCA, states:
*468 Effect of transacting business without certificate. No person or persons conducting or transacting business in this state without an effective certificate of registration of an assumed business name or having any interest therein may maintain any suit or action in any of the courts of this state under such name.
Martin contends that since Becker transacted business under the unregistered assumed business name of Don’s Westland Bulk, he is liable for the default judgment entered against that company. Again, Martin presents no case law or authority which interprets these statutes in such a manner. Section 30-13-215, MCA, prevents an unregistered business from filing suit under its unregistered name. Nothing in the statute indicates that an individual should be held accountable for a default judgment entered against an unregistered business. We conclude that § 30-13-215, MCA, does not make Becker personally liable for a default judgment entered against Don’s Westland Bulk.
Martin also argues that Don’s Westland Bulk and Donald Becker are actually one and the same. Martin insists that there has never been a true legal entity known as Don’s Westland Bulk; rather this name was merely a front for the individual, Donald Becker. Martin claims that, similar to piercing the corporate veil, this Court should view Becker and Don’s Westland Bulk as one and the same entity. Martin cites various cases that deal with piercing the corporate veil. Hando v. PPG Industries, Inc. (1989), 236 Mont. 493, 771 P.2d 956; Meridian Minerals Co. v. Nicor Minerals, Inc. (1987), 228 Mont. 274, 742 P.2d 456. However, Martin presents no authority for its contention that this Court should “pierce the entity veil.” Piercing is used to eliminate an individual’s corporate liability protection in cases where one establishes that the shareholders are the alter ego of the corporation. Piercing is an equitable remedy and applies only to prevent fraud or achieve equity. See Jody J. Brewster, Comment, Piercing the Corporate Veil in Montana, 44 Mont. L. Rev. 91 (1983). The theory of piercing the corporate veil is inapplicable against a sole proprietorship. Martin admits that Don’s Westland Bulk is an unregistered sole proprietorship, not a corporation. We find no merit in Martin’s piercing the entity veil argument.
Martin also argues that the “misnomer” rule derived from Rule 15(c), M.R.Civ.P., should apply. The misnomer rule allows a party to amend a complaint to name a defendant after the running of the applicable statute of limitations. The amended complaint “relates back” to the date of the original complaint for statute of *469 limitation purposes. LaForest v. Texaco, Inc. (1978), 179 Mont. 42, 45-46, 585 P.2d 1318, 1320.
The misnomer rule does not apply to this case for several reasons. First, the misnomer rule applies where the correct party is sued, but the name in the complaint is merely misspelled or a subsidiary corporation is named rather than the parent corporation. Wentz v. Alberto Culver Co. (D. Mont. 1969), 294 F.Supp. 1327. The misnomer rule does not apply to situations where an entirely new party would be added to the litigation by allowing the amendment. LaForest, 585 P.2d at 1321. Most importantly, the misnomer rule allows for amendment of complaints, not judgments. Rule 15(c), M.R.Civ.P., from which the misnomer rule is derived, states:
Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment, that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party. [Emphasis added.]
This rule clearly deals with amending pleadings, not judgments. If an amendment is allowed to a complaint, the party added to the complaint may still defend the case on its merits. Lien v. Murphy, Corp. (1982), 201 Mont. 488, 656 P.2d 804. Amendment of a default judgment provides the new party with no such opportunity. Martin cites no authority for its proposition that we should apply the misnomer rule to judgments as well as pleadings. We conclude the misnomer rule is inapplicable to the amendment of judgments.
Finally, Martin argues that the District Court had a duty to consider the evidence presented and determine whether Becker and Don’s Westland Bulk were one and the same. Once again, Martin gives no authority for this proposition and fails to explain to this Court why this duty exists. A default judgment was entered against Don’s Westland Bulk, not against Donald Becker. Martin cites no authority by which the Montana District Court can amend the judgment of the Federal Bankruptcy Court to include Becker. We will not *470 amend a default judgment to cure a deficient pleading in the bankruptcy court eight years after the default judgment has been entered.
We affirm the District Court’s holding denying Martin’s motion to levy and execute against the assets of Donald Becker in order to collect on a default judgment entered against Don’s Westland Bulk.
JUSTICES HARRISON, GRAY and NELSON concur.