No. 99-577

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 73N,

CREDIT BUREAU OF MISSOULA, INC.,

Plaintiff and Respondent,

v.

JERRY OSTLIE, a/k/a JERRY SILVER,

d/b/a SILVER AUTO,

Defendant and Appellant.

APPEAL FROM: District Court of the Fourth Judicial District,

In and for the County of Missola,

Honorable John W. Larson, Judge Presiding

COUNSEL OF RECORD:

**For Appellant:**

Bruce L. Hussey, Missoula, Montana:

For Respondent:

Elizabeth A. Ries-Simpson, CBM Collections, Inc., Missoula, Montana

Submitted on Briefs: March 2, 2000

Decided: March 22, 2000

Filed:

_____

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

¶1.Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2.Jerry Ostlie appeals from an order of the Fourth Judicial District Court, Missoula County, denying his request for a writ of review pursuant to § 25-33-803, MCA, and remanding this case to the Missoula County Justice Court. We affirm.

¶3.The issues are whether the District Court should have granted review because (1) following entry of judgment, the Justice Court allowed the case caption to be amended to correctly reflect the defendant's name; (2) the case was transferred to Justice Court from small claims court at the plaintiff's request; and (3) the claim against defendant was assigned from the original plaintiff to Credit Bureau of Missoula, Inc. Because all three issues involve questions of law, our standard of review is whether the District Court was correct. *Steer, Inc. v. Department of Revenue* (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603.

¶4.Ostlie's first argument is that the Justice Court acted outside its authority in allowing the case caption to be amended, after judgment had been entered, by adding Ostlie's true name to the caption in addition to his assumed name of Jerry Silver and his business name of Silver Auto. Rule 22(b), M.J.C.C.R.Civ.P., allows a justice court to correct clerical mistakes or errors arising from oversight or omission in pleadings at any time, on the court's own initiative or upon motion and notice. Ostlie is not arguing any failure to give him notice of this action. We conclude that the Justice Court had the authority to amend the judgment caption in order to correctly name Ostlie as the defendant.

¶5.Ostlie next contends that no authority exists to allow a plaintiff to remove a case from

small claims court to justice court. He points out that § 25-35-605(1), MCA, provides that "Any action commenced in small claims court may be removed to justice's court by a defendant upon the filing of a notice of removal . . . . " (Emphasis added.) This case was removed from small claims court to justice court at Credit Bureau's request, following the entry of default judgment and assignment of that judgment from the original plaintiff to Credit Bureau.

¶6.In response, Credit Bureau correctly notes that under § 25-35-807, MCA, proceedings to collect or enforce a small claims court judgment "are governed by the laws relating to execution upon justice's court judgments." Therefore, if this matter was transferred back to small claims court from justice court, the judgment would still be governed by the same execution laws. In addition, because the Missoula County Justice of the Peace also serves as the judge in the Missoula County Small Claims Court, the case would remain under the jurisdiction of the same justice of the peace. We conclude that no effective relief can be granted as to this issue, rendering it moot. *See Turner v. Mountain Engineering and Const., Inc.* (1996), 276 Mont. 55, 59, 915 P.2d 799, 802.

¶7.The final issue in this appeal is whether the District Court erred in upholding the assignment of a small claims court judgment. Ostlie cites § 25-35-505(5), MCA, which provides that no party may file an assigned claim in small claims court. He also relies upon language in a pamphlet distributed by the Montana Attorney General's office.

¶8.The statute cited by Ostlie prohibits the filing of an assigned claim in small claims court, but it does not prohibit the transfer of a judgment by an assignee judgment creditor from small claims court to justice court. While the language used in the Montana Attorney General's office pamphlet may appear misleading, it is not controlling authority. We hold that the transfer of a judgment from small claims court to justice court so as not to run afoul of the rules regarding representation of parties by attorneys, as was the case here, is within the scope of the court's authority to exercise its jurisdiction under §§ 3-1-111 and -113, MCA.

¶9.We affirm the judgment of the District Court.

/S/ J. A. TURNAGE

We concur:

/S/ KARLA M. GRAY

/S/ WILLIAM E. HUNT, SR.

/S/ JIM REGNIER

Justice James C. Nelson specially concurs.

¶10. I concur with our opinion except as to the discussion in ¶ 4. I am not persuaded from our analysis that a trial court has authority to amend the caption of a judgment to name a defendant, other than the defendant named in the summons and complaint, merely under the guise of correcting a "clerical mistake." Arguably, this approach runs afoul of our decision in *Martin & Associates v. Don's Westland Bulk* (1994), 267 Mont. 464, 884 P.2d 795. On the other hand, the result of our decision might be justified under the theory of the dissent in *Martin. See Martin,* 267 Mont. at 470-73, 884 P.2d at 798-800 (Trieweiler, J., dissenting).

¶11. In any event, since the appellant did not argue any persuasive authority or theory in support of his position and, this being a non-citable opinion, I am reluctant to devote the time and effort necessary to do the research and write the analysis that might have been advanced. Rule 23(a)(4), M.R.App.P.

/S/ JAMES C. NELSON