**ALAI`ASA FILIFILI MAILEI, Plaintiff,**

**v.**

**UIVA TE`O, LUELI TE`O, and LOGO TE`O, Defendants.**

High Court of American Samoa
Land and Titles Division

LT No. 13-95

December 14, 2001

Before RICHMOND, Associate Justice, and LOGOAI, Chief Associate Judge.

Counsel: For Plaintiff, Tautai A.F. Fa'alevao
For Defendants, Afoa L.S. Lutu

OPINION AND ORDER

Plaintiff Alai`asa Filfili Mailei ("Alai`asa") as the *sa`o* of the Alai`asa family, commenced this action to evict the defendants Uiva Te`o ("Uiva"), Lueli Te`o ("Lueli"), and Logo Te`o ("Logo") (collectively "the Te`os") and remove their house from certain land, named "Toa," in the Village of Faleniu, and to recover the rental value of the Te`os' occupancy of the land.

Alai`asa principally argues that the present case should be decided on *res judicata* grounds arising from the three consolidated cases previously decided, *Moea`i v. Te`o*, 8 A.S.R.2d 85 (Land & Titles Div. 1988), *motion for reconsideration den.*, 9 A.S.R.2d 107 (1988), *aff'd Moea'i v. Alai`a*, 12 A.S.R.2d (App. Div. 1989)[1] ("the consolidated cases"). The Court agrees.

The consolidated cases held that the portion of land at issue used to be under the ownership of the Mormon Church, and is currently the Alai`asa family's communal land. Following this decision in the consolidated cases, Alai`asa notified Leuli, who was then occupying the house, that the Te`os must leave the land in accordance with the court's decision in the consolidated cases. Alai`asa and Leuli negotiated for purchase of the house but failed to reach agreement. The Te`os have not left the land, nor have they paid a reasonable rent to Alai`asa for their use of the land.

■ *Res judicata*, or claim preclusion, applies when (1) there has been a final judgment on the merits (2) in a prior action involving the same parties or their privies and (3) the prior action involved the same claim. *See Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990); 18 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE ¶

---

[1] The case title identifying the parties in and the case number for each of the three cases are as follows: *Moea`i Uiliata v. Uiva Te`o and Si`ufanua Aitu*, LT No. 13-85; *Alai`asa Filifili v. Uiva Te`o*, LT No. 42-85; *Moea`i Uiliata v. Alai`a Filifili, Chiefs of Faleniu*, and *Tuia`ana Moi*, LT No- 7-86.

131.01 (3d ed. 1999).

## A. Same Parties or their Privies

■ A judgment will have preclusive effect if the same parties are involved or if a non-party was in privity with a party to the previous action. *Puailoa v. Estate of Lagafuaina Laisene*, 19 A.S.R.2d 40, 46 (App. Div. 1991). Privity is essentially a conclusory term that describes the relationship between a party and a nonparty that is deemed close enough to warrant the application of claim or issue preclusion to the party. *See Ditton v. Bowerman*, 344 P.2d 919, 922 (Or. 1992).

Uiva was a named party in the consolidated cases. Both Lueli and Logo have lived in the house from time to time. Lueli is Uiva's son and Logo is his daughter. Moreover, the issue throughout the consolidated cases has been which chief controls which lands originally leased to the Mormon Church. In this regard, Siufanua represented all Siufanua people, including the Te`os. Uiva, as a party in the consolidated cases, and his children, Lueli and Logo, in privity with Uiva, clearly had close enough relationships to warrant the application of the consolidated cases to each of them.

## B. Subject Matter

■ *Res judicata* requires that the subject matter of the earlier case be identical to that of the case at hand. *Puailoa v. Estate of Lagafuaina Laisene*, 11 A.S.R.2d 54, 76 (Land & Titles Div. 1989). The majority view holds that the same claim is involved if both claims arise out of the same transaction—the claim in the prior judgment must "include all rights of the plaintiff to remedies against the defendant with respect to all or part of the transaction . . . out of which the action arose." 18 MOORE'S FEDERAL PRACTICE § 131.20[2] (citing RESTATEMENT (SECOND) OF JUDGMENTS § 24 (1982)).

Alai`asa claims that the house and land at issue lie within the land held in the consolidated cases as belonging to the Alai`asa family. The Te`os argue that the case of *Siufanua v. Uele*, 2 A.S.R. 462 (Trial Div. 1949) is more applicable in establishing ownership of the land in question.

The trial on the merits demonstrated that the location of the house at issue is not within the area of land awarded by the court to be Siufanua land in *Siufanua*. Rather, it is within the land established as the Alai`asa family's communal land in the consolidated cases. The testimony of Meko Aiumu, a professional surveyor, in conjunction with a careful consideration of the survey maps of the land in question, clearly established the location of the house within the same survey of land that

268

the Court awarded to the Alai`asa family in the consolidated cases.

## C. Adverse Possession

■ The preclusion of issues by *res judicata* extends not only to matters actually determined in the consolidated cases, but also to other matters which could properly have been raised and determined in that action, whether or not these matters were in fact considered. *See Mfg. Hanover Trust Co. v. The Tifaimoana*, 7 A.S.R.2d 84, 86 (Trial Div. 1988); *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 (1981); 4 AM. JUR. 2D *Judgments* 52 (1994). *But see In re Estate of Kopely*, 767 P.2d 1181, 1183 (Ariz. 1988) (where court in previous action specifically declined to rule on a matter, said matter is not precluded by *res judicata*). Arguments that the prior decision was contrary to custom or violative of previous agreement were or should have been presented to the court deciding that case and it would be totally contrary to the principles of finality underlying the judicial process to relitigate a matter that was already fully litigated. *Tela v. Aoelua*, 12 A.S.R.2d 40, 42 (App. Div. 1989); *Taulaga M. v. Patea S.*, 4 A.S.R.2d 186, 187 (Land & Titles Div. 1987); *Puailoa*, 19 A.S.R.2d 40, 45 (a person who takes an interest in real property from one who litigated the property's title is in privity with him and so is bound by *res judicata*).

The Te`os claim that if the land is found to be owned by the Alai`asa family, then they have a right to it by means of adverse possession. If Uiva wished to raise the argument that he has held possession to the land in question openly to the world and adverse to the interests of the true owners, Uiva or those in privity with Uiva should have raised this argument in the consolidated cases.

■ Additionally, a claim of adverse possession would fail on the merits. *Uiva*, with his family, was originally permitted to occupy the house by the Mormon Church, which previously controlled the land in question. Permissive occupation cannot create title by adverse possession.

### Conclusion

The subject of the ownership of the land on which the house is located was the same subject matter as in the consolidated cases. These cases involved the same parties and reached a final decision on the merits. Accordingly, *res judicata* applies.

The property rights of the land in question have been fully litigated in multiple proceedings. This should be enough—"there must be an end to litigation some day." *Puailoa*, 19 A.S.R.2d at 47 (quoting *Ackermann v. United States*, 340 U.S. 193, 198 (1950)).

269

Accordingly, the Te`os shall vacate the premises within 30 days. Additionally, the Te`os should pay back rent for their continued use of the land following Alai`asa's notice to vacate in 1985. Alai`asa failed, however, to put on any evidence of the rental value. He is, nonetheless, still entitled to at least nominal rent for the Te`os' use of the house. We require the Te`os to leave the house on the land for Alai`asa's use and consider its value to be a reasonable amount of nominal rent in this case.

It is so ordered.

