Date  11-15-95

12 P.3d 1203

In the Matter of the ESTATE OF
David ZARITSKY, Deceased,

Kathleen K. Johnson, creditor and former personal representative of the Estate, Appellant,

v.

Stephen Davis, Mohave County Public Fiduciary; JoAnn Pope, former personal representative of the Estate; Faye Moody, sole heir of the Estate; Speer Estate, creditor of the Estate, Appellees.

No. 1 CA–CV 00–0158.

Court of Appeals of Arizona, Division 1, Department A.

Nov. 14, 2000.

Law Office of Thomas E. Price, P.C. By Thomas E. Price, Kingman, Attorneys for Appellant.

Richard D. Engler, Attorney at Law By Richard D. Engler, Yuma, Attorney for Appellee Stephen Davis.

Bruno, Brooks & Goldberg, P.C. By Robert H. Brooks, Kingman, Attorneys for Appellee JoAnn Pope.

## OPINION

TIMMER, Judge.

¶ 1 Kathleen K. Johnson appeals from an order of the probate court and argues that the court erred by ordering her to reimburse moneys and relinquish property to the estate.[1] We are chiefly asked to decide whether a creditor who improperly received estate property, but then disposed of it, can be ordered to pay the value of the property to the estate pursuant to Arizona Revised Statutes Annotated ("A.R.S.") section 14–3909 (1995). We hold that the probate court can enter such an order against a creditor. Therefore, we affirm the court's order, but remand for the reasons set forth in our separately filed memorandum decision.

## FACTUAL AND PROCEDURAL HISTORY

¶ 2 David Zaritsky ("Decedent") was killed on July 27, 1997, when the airplane he was piloting crashed. Decedent's only heir is his mother, Faye Moody. Shortly after her son's death, Moody began collecting decedent's personal property through an affidavit of succession, as permitted by A.R.S. section

14–3971 (Supp.1997). During this process, Johnson demanded that Moody give decedent's truck to Johnson because she had lent him the money to buy it. Moody thereafter obtained title to the truck, signed it over to Johnson, and delivered the truck to her. At Johnson's request, Moody also gave her decedent's diamond ring and Omega watch. Johnson ultimately sold the truck for $17,000 and kept the proceeds.

¶ 3 On October 21, 1997, Johnson filed an application for informal appointment as personal representative of decedent's estate pursuant to A.R.S. section 14–3301(7) (Supp. 1997) as a creditor of the estate. The court thereafter issued letters of personal representative to Johnson on November 7, 1997. On January 21, 1998, pursuant to her duties, Johnson filed an inventory and appraisal of decedent's property owned by him at the time of his death, which excluded mention of the truck, ring, and watch.

¶ 4 Moody objected to Johnson's inventory and appraisal and moved the court to order Johnson to return to the estate the ring, the watch, and the truck-sale proceeds. After an evidentiary hearing, the probate court ordered Johnson to pay to the estate $17,000, representing the proceeds from the sale of the truck. The court further ordered Johnson to return the watch and the ring to the estate.

## STANDARD OF REVIEW

¶ 5 We will not set aside the probate court's findings of fact unless clearly erroneous, giving due regard to the opportunity of the court to judge the credibility of witnesses. *See* Ariz.R.Civ.P. 52(a); *In re Marriage of Berger,* 140 Ariz. 156, 161, 680 P.2d 1217, 1222 (App.1983). We review the court's legal conclusions *de novo. In re Estate of Travers,* 192 Ariz. 333, 334, ¶ 11, 965 P.2d 67, 68 (App.1998).

## DISCUSSION

¶ 6 Johnson argues that the trial court erred by ordering her to pay decedent's es-

1. By separate unpublished decision filed this date, we address several additional issues raised by Johnson. Those issues are not relevant to our analysis in this opinion and do not meet the standards of publication set forth in Ariz.R.Civ. App.P. 28(b). *Fenn v. Fenn,* 174 Ariz. 84, 85, 847 P.2d 129, 130 (App.1993).

tate $17,000.00 and return the diamond ring and the watch. According to Johnson, the court violated A.R.S. sections 14–3909 and 14–3910 (1995) and entered an unfair order in light of the Moody family's retention of some of decedent's property.

¶ 7 Section 14–3909 provides, in relevant part, as follows:

> [A] distributee of property or money improperly distributed or paid, or a claimant who was improperly paid, is liable to return the property improperly received and its income since distribution if he has the property. If such a distributee does not have the property, he is liable to return the value as of the date of disposition of the property improperly received and its income and gain received by him.

If such property is subsequently "acquired for value by a purchaser from or lender to a distributee," the purchaser or lender "takes title free of rights of any person interested in the estate and incurs no personal liability to the estate...." A.R.S. § 14–3910.

¶ 8 Johnson contends that Moody, and not Johnson, was the "distributee" of the truck, ring, and watch under section 14–3909. Thus, she argues, Moody should be required to reimburse the value of this property to the estate. Because Johnson received this property from Moody, Johnson claims that, pursuant to section 14–3910, she cannot be held liable to the estate.

### The Truck

¶ 9 Johnson maintains that she demanded and received title to the truck in order to satisfy an undocumented debt owed to her by decedent. Johnson's allegation constitutes a "claim" under our probate statutes. A.R.S. § 14–1201(6) (1995) (" 'Claims' ... include[ ] liabilities of the decedent ..., whether arising in contract, in tort or otherwise...."). Under section 14–3909, therefore, Johnson is a "claimant" and was required to return the truck to the estate if it was in her possession. Because Johnson had sold the truck, the court ordered her to pay the proceeds to the estate. Appellee Ste-

phen Davis argues that the court properly entered this order in light of Johnson's status as a "claimant" under section 14–3909. But the second sentence in section 14–3909 requires only "a distributee" to pay the value of improperly received property to the estate. No party specifically addresses whether this term also applies to "claimants." In order to properly interpret and apply the statute to this case, however, we must determine whether the legislature intended the term "distributee," as used in the second sentence of section 14–3909, to include a "claimant," such as Johnson. *See Evenstad v. State,* 178 Ariz. 578, 582, 875 P.2d 811, 815 (App.1993) ("[W]hen we are considering the interpretation and application of statutes, we do not believe we can be limited to the arguments made by the parties if that would cause us to reach an incorrect result.").

¶ 10 To determine legislative intent, we first review a statute's language. *Calmat of Arizona v. State ex rel. Miller,* 176 Ariz. 190, 193, 859 P.2d 1323, 1326 (1993). "Distributee" is defined in the probate statutes as "any person who has received property of a decedent from that person's personal representative *other than as a creditor* or purchaser." A.R.S. § 14–1201(15) (emphasis added). Because Moody[2] gave the truck to Johnson as a creditor of the estate, Johnson is not a "distributee" of the truck under this definition. But the statutory definition of "distributee" only applies "unless the context [of a particular provision] otherwise requires." A.R.S. § 14–1201. For the reasons that follow, we conclude that the context of the reference to "distributee" in section 14–3909 makes clear that the term also applies to "claimants" such as Johnson.

¶ 11 Section 14–3909 initially states that distributees *and* claimants must return property or money improperly distributed or paid. It then provides that "[i]f *such a distributee*" no longer has this property, he is liable to the estate for its value. If the legislature had intended to limit this provi-

---

**2.** "Personal representative" includes an executor, administrator, and "persons who perform substantially the same function under the law governing their status." A.R.S. § 14–1201(38). Because Moody was performing the functions of

a personal representative through an affidavit of succession, she was a "personal representative," as that term is used in A.R.S. section 14–1201(15).

sion to a "distributee," as defined in section 14–1201(15), its use of the word "such" was unnecessary. We avoid interpreting a statute "so as to render any of its language mere 'surplusage,' [and instead] give meaning to 'each word, phrase, clause, and sentence . . . so that no part of the statute will be void, inert, redundant, or trivial.'" *Herman v. City of Tucson*, 197 Ariz. 430, 434, ¶ 14, 4 P.3d 973, 977 (App.1999) (quoting *Walker v. City of Scottsdale*, 163 Ariz. 206, 210, 786 P.2d 1057, 1061 (App.1989)). Moreover, we presume that the legislature did not intend an absurd result and our construction must avoid such a consequence. *State v. Medrano-Barraza*, 190 Ariz. 472, 474, 949 P.2d 561, 563 (App.1997); *see also* A.R.S. § 1–211(B) (1995) ("Statutes shall be liberally construed to effect their objects and to promote justice.").

¶ 12 Applying these principles to our interpretation of section 14–3909, we decide that the legislature's reference to "such a distributee" includes claimants who improperly receive money or property. This interpretation gives meaning to the term "such." It also avoids a construction of the statute that would compel a claimant to surrender improperly received property but allow him to keep the ill-gotten gains from a sale of the property, an absurd result. Accordingly, we hold that the probate court could properly order Johnson to pay the truck-sale proceeds to the estate pursuant to section 14–3909.

¶ 13 We also reject Johnson's argument that the court violated A.R.S. section 14–3910 by ordering her to pay the sale proceeds to the estate. Section 14–3910 applies to those purchasers or lenders who acquire property "for value" from a distributee. The record does not reflect that Johnson gave Moody anything of value for the truck. Moreover, Moody was not a "distributee" as she did not receive the truck from a personal representative of the estate. A.R.S. § 14–1201(15). Rather, Moody was acting as the "personal representative" in giving the truck to Johnson. *See* note 2, *supra*. Section 14–3910 is thus inapplicable and the court did not violate this provision by its order.

### The Ring and the Watch

¶ 14 According to Johnson, Moody gave the ring and the watch to Johnson to allow her to possess personal mementos of decedent. Johnson was therefore a "distributee" of these items as she received them from Moody "other than as a creditor or purchaser." A.R.S. § 14–1201(15). As a distributee, the probate court could properly order her to relinquish this property to the estate. A.R.S. § 14–3909. Moreover, because Johnson did not give value for these items, and Moody was not a "distributee," the court did not violate section 14–3910 by its order.

¶ 15 Johnson also urges us to reverse the probate court's order because it allowed Moody and her sons to keep "thousands of dollars worth" of tools and other items. Whether the court properly allowed Moody and her sons to retain this property is not before us. Although decedent's diamond ring and Omega watch may have sentimental value to Johnson, the record supports a finding that these items also had more than a minimal monetary value to the estate. Accordingly, we cannot conclude that the trial court's order to Johnson to relinquish these items was clearly erroneous.

¶ 16 In light of our holding, we do not address appellee Davis' argument that Johnson violated her fiduciary duty as personal representative by failing to disgorge the truck-sale proceeds, the ring, and the watch.

### CONCLUSION

¶ 17 For the foregoing reasons, we affirm the probate court's order, but remand for the reasons set forth in the separately filed memorandum decision.

CONCURRING: JEFFERSON L. LANKFORD, Presiding Judge, and WILLIAM F. GARBARINO, Judge.