NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In the Matter of the Estate of:

PANAGIOTIS ZISTAS, *Deceased*.

ARETI QIRO TSANOS, et al., *Petitioners/Appellants*,

*v.*

MICHAEL ZISTATSIS, *Respondent/Appellee*.

No. 1 CA-CV 18-0449
FILED 5-21-2019

Appeal from the Superior Court in Maricopa County
No. PB2016-003937
The Honorable Carolyn K. Passamonte, Judge *Pro Tempore*

**AFFIRMED**

APPEARANCES

Areti Qiro Tsanos, Spiro Qiro, Vasiliqi Qiro, Phoenix
*Petitioners/Appellants*

Mark R. Herriot, Attorney at Law, Payson
By Mark R. Herriot
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge James P. Beene delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Kent E. Cattani joined.

---

**B E E N E**, Judge:

¶1        Areti Qiro Tsanos, Spiro Qiro, and Vasiliqi Qiro (collectively, "Claimants") appeal from the superior court's approval of the final accounting in a probate matter.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        After filing a petition for formal adjudication of intestacy for his uncle's estate, Michael Zistatsis ("PR") was appointed as personal representative of the Estate of Panagiotis Zistas ("Estate").  Claimants, along with the PR's father Dimitris Zistatsis, were listed as heirs in the petition and order of intestacy.

¶3        The PR filed an inventory of the Estate's property, which contained a bank account that included "annuity payments after death of $932.00 per month since 10/9/15 to be distributed to Dimitris Zistatsis, beneficiary."  Tsanos requested a formal proceeding, objected to the inventory, and requested that the PR provide evidence explaining the annuity payments.  The PR responded to the objection, explaining that Dimitris was the beneficiary of the annuity upon Zistas's death.

¶4        After a status conference, the superior court noted the PR satisfactorily responded to the objections.  The court then denied the objection and request for formal proceeding.

¶5        The PR petitioned for approval of his final accounting and included an exhibit that showed a total of $16,021.14 in annuity payments made to Zistas's account since his death.  The attached schedule of distribution included dispensing $16,021.14 to Dimitris.

2

¶6          Claimants filed an objection alleging (1) the annuity payments were directed to the wrong person, (2) their deceased mother is the beneficiary of the account, and (3) they are the contingent beneficiaries. They attached a February 2017 letter from Transamerica (the annuity policy holder) stating their deceased mother was a beneficiary of the annuity. The letter also stated that Transamerica had been informed Claimants' mother is deceased and that the policy provisions state the benefit is available to the surviving contingent beneficiary.

¶7          In response, the PR provided a December 2017 letter from Transamerica stating that Dimitris was the beneficiary of the annuity. The PR also noted that the annuity was payable on death and, as such, was not part of the Estate.

¶8          The superior court approved the PR's final accounting over Claimants' objections and ordered the distribution of the property as set forth in the schedule of distribution.

¶9          After the final order, Claimants submitted a motion (titled "Distribution of Assets") to the superior court requesting that it cancel the final accounting approval and again attached the February 2017 annuity letter.[1]

¶10          Shortly thereafter, Claimants timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(9).

**DISCUSSION**

¶11          We will not set aside the superior court's findings of fact in a probate matter unless clearly erroneous, giving due regard to the opportunity of the court to judge the credibility of witnesses. *In re Estate of Zaritsky*, 198 Ariz. 599, 601, ¶ 5 (App. 2000). We review the court's legal conclusions *de novo. In re Estate of Travers,* 192 Ariz. 333, 334, ¶ 11 (App. 1998). Additionally, because Claimants failed to file any transcripts of the proceedings, we "must presume that the findings by the trial court were supported by the evidence." *Walker v. Walker,* 18 Ariz. App. 113, 114 (1972).

---

[1]          The superior court did not rule on Claimants' motion.

**¶12** The PR contends the appeal should be dismissed because Claimants' failed to comply with Arizona Rule of Civil Appellate Procedure ("ARCAP") 13(a). *See Adams v. Valley Nat'l Bank of Ariz.,* 139 Ariz. 340, 342 (App. 1984) (dismissing appeal based on the deficient briefs filed). We agree that Claimants' opening brief is deficient because it fails to refer to portions of the record or cite legal authority supporting the allegations. *See* ARCAP 13(a). Failure to do so may constitute abandonment or waiver of a claim. *Ritchie v. Krasner,* 221 Ariz. 288, 305, ¶ 62 (App. 2009). In our discretion, however, we decline to strike Claimants' brief or dismiss the appeal in this case and instead address their arguments on the merits. *See* ARCAP 21.

**¶13** Claimants present a myriad of issues regarding the annuity and distribution of annuity funds to Dimitris. There is no dispute that the annuity was a payable-on-death account.

**¶14** The parties correctly agree that the annuity was not part of the Estate. Pursuant to A.R.S. § 14-6101, nonprobate transfers of certain assets at death are nontestamentary. Section 14-6101(A) provides that:

> [A] provision for a nonprobate transfer on death in any insurance policy, . . . account agreement, custodial agreement, deposit agreement, compensation plan, pension plan, individual retirement plan, employee benefit plan, . . . or other written instrument of a similar nature is nontestamentary.

Section 14-6101(B)(1) broadly defines other types of written instruments that are nontestamentary, namely those where "[m]oney . . . due to, controlled by or owned by a decedent before death shall be paid after the decedent's death to a person whom the decedent designates either in the instrument or in a separate writing."

**¶15** The annuity was a written instrument for a nonprobate transfer upon death under § 14-6101(A). Likewise, the annuity is a nonprobate, nontestamentary transfer under § 14-6101(B)(1) because the annuity is a writing that provides the decedent's funds would be paid to the designated beneficiary after his death. *See also In re Estate of Lamparella*, 210 Ariz. 246, 248, ¶ 10, n.1 (App. 2005) (defining nonprobate transfers as assets transferred outside of probate such as insurance proceeds, payable-on-death accounts, and other revocable dispositions). Because the payable-upon-death annuity was nontestamentary, the annuity was not part of the Estate.

**¶16**     While the superior court did not directly address the annuity in its rulings, it implicitly recognized that the annuity was not part of the Estate when it overruled Claimants' objections related to the annuity and approved the distribution schedule that permitted annuity funds to be paid to Dimitris, the contingent beneficiary of the annuity. Indeed, Claimants conceded the "Annuity is not part of the probate," and our review of the record provides no evidence that the annuity should have been included in the Estate. Claimants have not presented evidence establishing any impropriety in Dimitris Zistatsis being designated as the Transamerica annuity beneficiary. If there is such evidence, our ruling does not preclude Claimants from pursuing a claim against an alleged wrongdoer in a different proceeding. But given the absence of such evidence, the superior court properly rejected Claimants' assertion that the PR had an obligation to somehow direct a different result regarding the annuity payments. Because the annuity was not part of the Estate, the court properly declined to address issues relating to the annuity.[2] *See* A.R.S. § 14-6101; *see also In re Estate of Jones*, 10 Ariz. App. 480, 482 (1969) ("[A] probate court has jurisdiction only over the property of the estate of the deceased.") (citation omitted); *In re Estate of Agans*, 196 Ariz. 367, 369, ¶ 9 (App. 1999) (finding personal representatives lack the power to set aside beneficiary designation of nontestamentary assets). Therefore, we affirm the court's order approving the final accounting and schedule of distribution**.**

## ATTORNEYS' FEES

**¶17**     The PR requests his attorneys' fees and costs under ARCAP 25 and 21(a), arguing that Claimants' appeal was frivolous. Rule 25 authorizes an award of fees as a sanction if an appeal "is frivolous, or was filed solely for the purpose of delay." ARCAP 25. "The determination to award or decline attorney's fees [pursuant to Rule 25] is within this Court's discretion." *Ariz. Dep't of Revenue v. Gen. Motors Acceptance Corp.*, 188 Ariz. 441, 446 (App. 1996). Moreover, we impose Rule 25 sanctions "with great reservation." *Ariz. Tax Research Ass'n v. Dep't of Revenue*, 163 Ariz. 255, 258 (1989).

**¶18**     In our discretion, we deny the PR's request for an award of fees under Rule 25. "The line between an appeal which has no merit and

---

[2]     The PR argues the appeal should be dismissed for lack of jurisdiction because the annuity is not part of the Estate. We disagree. Claimants appealed from the order approving the PR's final accounting. This court has jurisdiction over appeals from a judgment, decree, or order entered in any formal probate proceeding. *See* A.R.S. § 12-2101(A)(9).

one which is frivolous is very fine, and we exercise our power to punish sparingly." *Hoffman v. Greenberg*, 159 Ariz. 377, 380 (App. 1988). We do not believe the record shows frivolousness, intentional delay, or an improper motive. We therefore decline to award attorneys' fees to the PR.

## CONCLUSION

¶19 For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:  AA