NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

WATER WORKS CONDOMINIUM ASSSOCIATION, INC.,
*Plaintiff/Appellee*,

*v.*

DWAYNE JONAS, *Defendant/Appellant*.

No. 1 CA-CV 18-0502
FILED 1-9-2020

---

Appeal from the Superior Court in Maricopa County
No. CV2017-093015
The Honorable David M. Talamante, Judge *Retired*

**AFFIRMED**

---

COUNSEL

Goodman Holmgren Law Group, L.L.P., Mesa
By Clint G. Goodman, Ashley N. Moscarello, Daniel S. Francom
*Counsel for Plaintiff/Appellee*

Dwayne Jonas, Casa Grande
*Defendant/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge James B. Morse Jr. and Judge Diane M. Johnsen joined.

---

**J O N E S**, Judge:

¶1        Dwayne Jonas appeals the trial court's orders granting summary judgment to Water Works Condominium Association, Inc. (the Association) on its complaint to foreclose a condominium association assessment lien and denying his motion to vacate the judgment.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        In July 2015, Jonas acquired property in Mesa (the Property) subject to the Association's covenants, conditions, and restrictions (CC&Rs) from Perren R.  In May 2017, the Association filed a complaint alleging Jonas had violated the CC&Rs by failing to pay assessments on the Property.  The Association sought a monetary judgment and an order foreclosing the assessment lien.  After the Association moved for summary judgment, Jonas received an extension of time to respond, but did not do so.  The trial court entered a judgment of foreclosure that identified an indebtedness secured by the Property and separately awarded the Association attorneys' fees, the costs of collection, and interest. Jonas timely appealed.

¶3        This Court stayed the appeal at Jonas's request to allow him to pursue relief from the judgment under Arizona Rule of Civil Procedure 60(b)(2), (5), and (6).  In his January 2019 motion, Jonas alleged that newly discovered evidence proved a portion of the assessments at issue had been paid by Perren.  The trial court denied Jonas's motion, and he again timely appealed.  We have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) §§ 12-120.21(A)(1),[1] -2101(A)(1), and (A)(2).  *See M & M Auto Storage Pool, Inc. v. Chem. Waste Mgmt., Inc.*, 164 Ariz. 139, 141 (App. 1990) (noting an order denying a motion to vacate a judgment is appealable as a "special order made after final judgment").

## DISCUSSION

### I.        Summary Judgment

¶4        Jonas argues the trial court erred in entering summary judgment for the Association. Summary judgment is proper when "there is no genuine dispute as to any material fact and the moving party is

---

[1]        Absent material changes from the relevant date, we cite the current version of rules and statutes.

entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). We review both the grant of summary judgment and the court's application of the law *de novo*, *Parkway Bank & Tr. Co. v. Zivkovic*, 232 Ariz. 286, 289, ¶ 10 (App. 2013) (citing *L. Harvey Concrete, Inc. v. Agro Constr. & Supply Co.*, 189 Ariz. 178, 180 (App. 1997)), and will affirm if the ruling is correct on any basis supported by the record, *Mutschler v. City of Phoenix*, 212 Ariz. 160, 162, ¶ 8 (App. 2006) (citing *Glaze v. Marcus*, 151 Ariz. 538, 540 (App. 1986)).

¶5            Because the Association is a condominium owners' association, the lien is governed by A.R.S. § 33-1256(A). That statute provides:

> The association has a lien on a unit for any assessment levied against that unit from the time the assessment becomes due. The association's lien for assessments, for charges for late payment of those assessments, for reasonable collection fees and for reasonable attorney fees and costs incurred with respect to those assessments may be foreclosed in the same manner as a mortgage on real estate but may be foreclosed only if the owner has been delinquent in the payment of monies secured by the lien, excluding reasonable collection fees, reasonable attorney fees and charges for late payment of and costs incurred with respect to those assessments, for a period of one year or in the amount of $1,200 or more, whichever occurs first, as determined on the date the action is filed. . . . The association has a lien for fees, charges, late charges, other than charges for late payment of assessments, monetary penalties [and] interest charged . . . after the entry of judgment in a civil suit for those fees . . . from a court of competent jurisdiction and the recording of that judgment in the office of the county recorder . . . . The association's lien for monies other than for assessments, for charges for late payment of those assessments, for reasonable collection fees and for reasonable attorney fees and costs incurred with respect to those assessments may not be foreclosed and is effective only on conveyance of any interest in the real property.

A.R.S. § 33-1256(A). By its terms, A.R.S. § 33-1256(A) authorizes a condominium owners' association to pursue two liens.

¶6            The first lien (the assessment lien) includes past-due assessments, charges for late payment of those assessments, reasonable

collection fees, and reasonable attorneys' fees and costs incurred with respect to those assessments. *Id.* This lien is automatically levied against the unit "from the time the assessment becomes due" and may be foreclosed "if the owner has been delinquent in the payment of monies secured by the lien," excluding certain fees and charges, "for a period of one year or in the amount of $1,200 or more, whichever occurs first." *Id.*

**¶7** The association may obtain a second lien for fees, charges, penalties, and interest, other than those included in the first lien. *Id.* The second lien is effective "after the entry of judgment in a civil suit for those fees . . . from a court of competent jurisdiction and the recording of that judgment in the office of the county recorder." *Id.* This lien cannot be foreclosed but may be satisfied "on conveyance of any interest in the real property." *Id.*

**¶8** Jonas argues entry of summary judgment was error because the Association failed to satisfy the statutory prerequisites to foreclosure. Because Jonas did not challenge the ledger for the Property that the Association produced in support of its motion, we presume it to be accurate. *See Tilley v. Delci*, 220 Ariz. 233, 237, ¶ 11 (App. 2009) (citing *Choisser v. State ex rel. Herman*, 12 Ariz. App. 259, 261 (1970)). The ledger reflects that Jonas never paid any monthly assessment owed to the Association. By May 2017, when the Association sued, the past-due monthly assessments, accruing at around $200 per month, totaled far more than the $1,200 statutory threshold. The ledger further reflects that the indebtedness had persisted since at least July 2015, far longer than the one-year period outlined in the statute. Thus, the foreclosure did not violate the statutory constraints.

**¶9** Jonas also argues the trial court erred in entering summary judgment for the Association because "the right to foreclose [wa]s extinguished altogether" when the Association failed to enforce the lien in a timely fashion. At the time, A.R.S. § 33-1256(F) provided: "A lien for an unpaid assessment is extinguished unless proceedings to enforce the lien are instituted within three years after the full amount of the assessment becomes due."[2] Here, the undisputed evidence reflects that the Association acted in May 2017 to recover assessments that began accruing in June 2014 — within the three-year period.

---

[2] The legislature recently enlarged the enforcement period to six years. *See* 2019 Ariz. Sess. Laws, ch. 200, § 1 (1st Reg. Sess.).

**¶10**        Jonas next argues the trial court miscalculated the amount of the assessment lien that justified the foreclosure judgment and erred in failing to identify the amounts Jonas owed personally in a separate lien. The judgment reflects otherwise.  Moreover, Jonas does not present any convincing argument suggesting that the indebtedness identified in the judgment is erroneous.  *See infra* n.3.  To the contrary, our independent review of the undisputed evidence reveals substantial support for the court's calculations of both the secured and unsecured portions of the judgment.

**¶11**        Finally, Jonas argues the trial court erred by failing to apply equitable principles to deny foreclosure.[3]  Even assuming the court has discretion to deny a judgment of foreclosure to a condominium owners' association proceeding under A.R.S. § 33-1256(A) based upon equitable principles, Jonas waived this argument by failing to raise it to the trial court. *See Allstate Indem. Co. v. Ridgely*, 214 Ariz. 440, 442, ¶ 7 (App. 2007) (collecting cases).

## II.     Motion to Vacate

**¶12**        As a preliminary matter, Jonas argues the trial court ruled upon the motion to vacate prematurely, before he had an opportunity to reply.  Although the court ruled before his reply was due, *see* Ariz. R. Civ. P. 6(a), (c), 7.1(a)(3) (collectively explaining the applicable time limits and how they should be calculated), Jonas did not seek reconsideration of the ruling or object to the entry of judgment after the court denied his motion. He does not argue he was prejudiced by the premature ruling and cites no authority to support his suggestion that the court was required to treat the allegations of his motion as true if it did not give him an adequate opportunity to reply.  The circumstances do not provide a basis for reversal. *See* Ariz. R. Civ. P. 61 ("At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights."); *Creach v. Angulo*, 189 Ariz. 212, 214-15 (1997).

**¶13**        Jonas also argues the trial court erred by denying the motion to vacate on the merits.  We review an order denying a motion to vacate for an abuse of discretion.  *City of Phoenix v. Geyler*, 144 Ariz. 323, 328 (1985) (citing *Coconino Pulp & Paper Co. v. Marvin*, 83 Ariz. 117, 121 (1957)).  A court

---

[3]        This argument is largely premised upon Jonas's assertion that the past-due assessments total only $630.  It is unclear how Jonas calculated this sum, and it finds no support in the record.

abuses its discretion if it acts arbitrarily or inequitably, makes a decision unsupported by facts or sound legal policy, or misapplies the law. *Id.* (citing *Bowman v. Hall*, 83 Ariz. 56, 59-61 (1957), and *Johnson v. Howard*, 275 P.2d 736, 739 (Wash. 1954)). We will affirm if the decision is correct for any reason. *Delbridge v. Salt River Project Agric. Imp. & Power Dist.*, 182 Ariz. 46, 54 (App. 1994) (citing *Rancho Pescado v. Nw. Mut. Life Ins.*, 140 Ariz. 174, 178 (App. 1984)). Reviewing each ground for relief Jonas alleged in his motion, we find no abuse of discretion.[4]

## A. Rule 60(b)(2): Newly Discovered Evidence

**¶14** Jonas first asked the trial court to vacate the judgment based upon "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial." Ariz. R. Civ. P. 60(b)(2). We defer to the court's evaluation of a party's diligence. *Delbridge*, 182 Ariz. at 54 (citing *Ashton v. Sierrita Mining & Ranching*, 21 Ariz. App. 303, 304 (1974)).

**¶15** To support his motion, Jonas claimed he recently discovered a ledger indicating payments were made against the debt before the Association pursued foreclosure. The ledger is for Jonas's own account with the Association — a document he could have obtained in discovery, had he asked for it — and is dated August 17, 2017 — nearly a year before final judgment was entered.

**¶16** Jonas also relies upon a filing in justice court indicating a judgment the Association obtained against Perren, the prior owner of the Property, had been satisfied in April 2015. The document is public record, identifies Perren by the same name stated upon the deed transferring his ownership to Jonas, and predates the judgment by more than three years.

**¶17** Given the nature and availability of the documents and Jonas's assertion that he only discovered the documents through "a chance discussion with [Perren]," the trial court could have concluded he was not

---

[4] Jonas suggests for the first time on appeal that relief may have been warranted under Arizona Rule of Civil Procedure 60(b)(3) (authorizing relief from a judgment based upon "fraud . . . misrepresentation, or other misconduct of an opposing party") because the evidence underlying the judgment "was literally a fraud." Jonas did not assert Rule 60(b)(3) as a ground for relief in the trial court, so the argument is waived. *See supra* ¶ 11.

reasonably diligent in his pursuit of them. This finding is supported by the record, and we find no abuse of discretion.

## B.     Rule 60(b)(5): Satisfaction of Judgment

**¶18**        Jonas also asked the trial court to vacate the judgment upon the grounds that "the judgment ha[d] been satisfied, released, or discharged." Ariz. R. Civ. P. 60(b)(5). The parties dispute whether the judgment the Association obtained against Jonas included some portion of assessments Perren paid in satisfying the earlier judgment. That factual issue could have been explored if relief under Rule 60(b)(2) was warranted. Because it was not, *see supra* Part II(A), we cannot say the court abused its discretion in rejecting Jonas's belated claim under Rule 60(b)(5) that some unspecified portion of the debt had been satisfied.

## C.     Rule 60(b)(6): Catchall

**¶19**        Finally, Jonas asked the trial court to vacate the judgment under Rule 60(b)(6) for "any other reason justifying relief." Sometimes referred to as the "catchall," this clause applies only where none of the other subsections of Rule 60(b) apply and the motion raises "extraordinary circumstances of hardship or injustice." *Stewart v. Travers* (*Estate of Travers*), 192 Ariz. 333, 336, ¶ 24 (App. 1998) (quoting *Webb v. Erickson*, 134 Ariz. 182, 186-87 (1982)).

**¶20**        Although Jonas's motion cited several subsections of Rule 60(b), the gist of his claim was that newly discovered evidence suggested Perren had paid a portion of the debt underlying the Association's judgment against him. This claim falls squarely within the provisions of Rule 60(b)(2). *Travers*, 192 Ariz. at 336-37, ¶ 24. Thus, there is no independent reason justifying relief under Rule 60(b)(6), and the trial court did not abuse its discretion in denying the motion to vacate on that ground.

## CONCLUSION

**¶21**        The trial court's orders are affirmed.

**¶22**        The Association requests an award of attorneys' fees and costs incurred on appeal pursuant A.R.S. § 12-341.01 and the CC&Rs, which create an automatic lien against an owner who causes the Association to incur attorneys' fees and costs in the enforcement of the CC&Rs or foreclosure of its lien. Upon review of the CC&Rs, we award the Association its reasonable attorneys' fees and costs incurred on appeal upon compliance with ARCAP 21(b). *See Chase Bank of Ariz. v. Acosta*, 179

Ariz. 563, 575 (App. 1994) ("A contractual provision for attorneys' fees will be enforced according to its terms.").



AMY M. WOOD • Clerk of the Court
FILED:  AA