IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In the Matter of:

DENNIS TSOSIE, *An Adult*.

No. 1 CA-CV 22-0628
FILED 8-31-2023

Appeal from the Superior Court in Coconino County
No. S0300GC202200042
The Honorable Stacy Lynn Krueger, Judge

**AFFIRMED**

COUNSEL

Coconino County Attorney's Office, Flagstaff
By Paul Garns
*Counsel for Respondent/Appellant*

Flagstaff City Attorney, Flagstaff
By Robert W. Brown
*Counsel for Petitioner/Appellee*

---

**OPINION**

Judge Anni Hill Foster delivered the opinion of the Court, in which Presiding Judge Samuel A. Thumma and Judge Randall M. Howe joined.

---

F O S T E R, Judge:

¶1        This is an appeal from an order appointing the Coconino County Public Fiduciary to serve as the guardian for an incapacitated person based on a petition by a city prosecutor. For the following reasons, the ruling is affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2        Dennis Tsosie, a homeless resident of Flagstaff diagnosed with various behavioral health issues, has a long record of criminal conduct. In a 2021 criminal proceeding, he was found incompetent and not restorable under Arizona Rule of Criminal Procedure 11. After he was released, Tsosie was again arrested numerous times for various offenses.

¶3        Because Tsosie had been arrested many times and deemed not restorable, the City of Flagstaff Prosecutor initiated a guardianship action under A.R.S. § 13-4504(B) in May 2022. The Prosecutor requested that the Public Fiduciary be named guardian for Tsosie since no other person was "willing and able to serve." In response, the superior court issued an order appointing a health professional and a court investigator to provide a report to the court regarding the Prosecutor's request. The court also appointed counsel to represent Tsosie. Following an evaluation, the court investigator agreed with the Prosecutor that guardianship was necessary and that the Public Fiduciary was the only potential guardian. Similarly, the appointed health professional, a doctor, concluded that, "It is clinically the least restrictive intervention for Mr. Tsosie to be appointed a guardian."

¶4        In July 2022, the superior court held a hearing where, based on the reports, it determined that Tsosie was incapacitated. The court continued the matter to allow the Public Fiduciary to be heard. Subsequently, the Public Fiduciary conducted its own assessment of Tsosie. It opposed the court's appointment, arguing in a written memorandum and at a hearing that guardianship was inappropriate and the Public Fiduciary had the discretion to decline to serve. After considering the briefing and

arguments, the court reiterated its incapacity finding, found guardianship necessary, found that the Public Fiduciary was the only potential guardian, and concluded that the Public Fiduciary could not avoid appointment because of those findings.

**¶5**        The Public Fiduciary appealed from the order, arguing that *Vanderheiden v. Superior Court*, 182 Ariz. 370 (App. 1994), precluded the court from ordering the appointment. This Court has jurisdiction under A.R.S. § 12-2101(A)(9).

## DISCUSSION

**¶6**        The Public Fiduciary does not challenge the superior court's findings regarding Tsosie's need for guardianship and the unavailability of other potential guardians. Rather, the Public Fiduciary contends that the court cannot force it to serve as a guardian and that the Public Fiduciary may decline an appointment. The Public Fiduciary is incorrect.

**¶7**        Section 14-5303[1] of the Arizona Revised Statutes provides the procedure required to petition, and for a court to appoint, a guardian for an incapacitated person. Subsections C and D provide the requirements for determining incapacity. A.R.S. § 14-5303(C), (D). The statute allows any person to petition for guardianship; a court can consider several categories of persons to serve as guardians, such as parents or siblings. A.R.S. §§ 14-5303(A), -5311(B). But a court can also consider appointing a Public Fiduciary. A.R.S. § 14-5311(B)(11). Section 14-5602(A) directs that, if "there is no person or corporation qualified and willing to act" as guardian, the court "shall appoint a public fiduciary."

**¶8**        The record presented supports the court's conclusion that no other qualified person or corporation could be located to serve as guardian. The word "shall" typically indicates a mandatory provision. *See State ex rel. Brnovich v. Ariz. Bd. of Regents*, 250 Ariz. 127, 132, ¶ 19 (2020) ("The term 'shall' is usually mandatory."). The statute uses mandatory language regarding the appointment of the public fiduciary, and permissive language regarding those actions which may be taken by the public fiduciary after appointment. *Compare* A.R.S. § 14-5602(A) ("The court shall appoint a public fiduciary….") *with* A.R.S. § 14-5602(C) and (D) ("The public fiduciary may" apply for benefits and conduct investigations.). In this context, to treat "shall" as permissive would ignore the plain statutory

---

[1] This Court notes that A.R.S. § 14-5303 was amended by 2023 Ariz. Sess. Laws, ch. 195, § 6. The amendment does not relate to the issues in this case.

text. *See Garcia v. Burler in and for County of Pima,* 251 Ariz. 191, 195, ¶ 16 (2021) (noting the use of "may" and "shall" in the same statute indicates the legislature intended permissive and mandatory interpretations to those respective words.). Moreover, the public fiduciary's proposed interpretation would create an absurd result, which this Court must not do. *Ariz. Downs v. Ariz. Horsemen's Found.,* 130 Ariz. 550, 554 (1981); *In re Estate of Zaritsky,* 198 Ariz. 599, 603, ¶ 11 (App. 2000). Should this Court read the appointment statute as permissive, it would eviscerate the statute's plain purpose of ensuring that all who need a guardian receive one. *Cf. In re Guardianship of Cruz,* 154 Ariz. 184, 185–86 (App. 1987) (holding that where the court made findings to support the mandatory appointment of a guardian for a minor under §§ 14-5204 and -5207, the court had no discretion to deny a guardianship petition). Because the record reflects that no person or corporation was "qualified and willing to act," the court did not err in appointing the Public Fiduciary.

**¶9**        The Public Fiduciary argues that A.R.S. § 14-5305 allows it to decline the mandatory appointment because the statute implies that the Public Fiduciary has the choice of whether to accept the appointment. A.R.S. § 14-5305 ("By accepting appointment, a guardian submits personally to the jurisdiction of the court in any proceeding relating to the guardianship that may be instituted by any interested person."). The Public Fiduciary also points to forms referenced in Arizona Rule of Probate Procedure 55 that contemplate a guardian's affirmative acceptance of the role. But nothing in those provisions suggests that a Public Fiduciary may withhold its acceptance in the face of a mandatory appointment as the guardian of last resort. Although the Public Fiduciary does have the statutory right to question the appointment and provide evidence that there is a person "qualified and willing to act" as guardian, nothing in law allows the Public Fiduciary to unilaterally nullify the court's order imposing the guardianship by simply refusing to tender acceptance. *See* A.R.S. § 14-5307 (providing for the substitution and resignation of guardians and orders of termination of incapacity).

**¶10**        The Public Fiduciary's reliance on *Vanderheiden* is unavailing. *Vanderheiden* held that the superior court could not order a public fiduciary to *petition* for guardianship. 182 Ariz. at 375. That case did not suggest that the superior court cannot order the public fiduciary to serve as guardian upon proper findings on a proper petition. Indeed, *Vanderheiden* specifically noted that though no statute required a public fiduciary to file a petition, the public fiduciary appointment statute used "mandatory language." *Id.*

4

¶11         The Public Fiduciary emphasizes *Vanderheiden*'s observation that a guardian's statutory powers may be inadequate to force the ward to participate in treatment or education programs. *Id.* But the question before this Court is whether the superior court could appoint the Public Fiduciary, not the scope of the Public Fiduciary's control.[2] To the extent that public fiduciaries in Arizona have read *Vanderheiden* to allow them to decline court appointments as guardians, such an interpretation is incorrect.

¶12         Although a prosecutor petitioning for guardianship of an individual facing criminal charges may raise conflict of interest issues, those issues are not currently before this Court. Nothing precludes simultaneous proceedings under Titles 13 and 14. Moreover, the Public Fiduciary's argument that A.R.S. § 13-4521 addresses this situation is misplaced. Section 13-4521 (effective in January 2024) addresses dangerous and incompetent defendants who committed serious offenses, not issues addressed in a petition for guardianship under Title 14.

¶13         A guardian's powers and duties are governed by A.R.S. § 14-5312 and other applicable provisions of Title 14, Chapter 5, which put the incapacitated person's interests first. The only issues in this case are whether the court could order an appointment of the Public Fiduciary and whether that appointment could be declined.

## CONCLUSION

¶14         This Court holds that when the criteria for a public fiduciary's appointment as a guardian have been satisfied on a proper petition, the Public Fiduciary has no discretion to decline the appointment. This Court therefore affirms the appointment.



AMY M. WOOD • Clerk of the Court
FILED:    AA

---

[2] The Public Fiduciary contends that § 13-4521's new civil commitment standard provides the proper mechanism for ensuring that dangerous and incompetent criminals receive proper treatment. But again, the scope of a guardian's control over a ward's medical or psychological treatment needs are not at issue here.